Our next case on the call of the docket is Agenda No. 14, Case No. 114-445-VC&M v. Cindy Andrews. Counsel for the appellant, please proceed. Good morning, Your Honors. Terry Huebner on behalf of the appellant. This case involves primarily the issue of electronic filing within the DuPage County Circuit Court. But because the court takes the case as a whole, I'm also going to briefly review the other issues present in this manner. This is a simple real estate transaction. There was a listing agreement executed on November 24, 2009 between my client, the realtor, and the Andrews, who are the defendants in this case. On March 31, 2010, a contract was submitted to my client and her clients, the Andrews. Providing for $1,126,000. The original listing price was $1,350,000. As it turns out, the Andrews were in the process of getting a divorce at that point in time. Mrs. Andrews, Cindy, decided that she would prefer to stay in the home and she wanted to buy out her husband. And she decided to make an offer, and she described it as an offer in her emails, of $5 more than the offer made by the third party. At that point, she also indicated that if the third party raised their offer, that she would be willing to make a counteroffer for the property. The third party decided not to do that. Mrs. Andrews wound up buying the house, essentially from herself and her soon-to-be ex-husband. There was a deed signed by both the Andrews giving the house to Mrs. Andrews. There was a closing. Shortly thereafter, in August of 2010, there was a judgment for dissolution of marriage. Within that judgment was a marital settlement agreement, an agreement signed by both the Andrews. Within that settlement agreement, and therefore within the judgment entered by the circuit court, they listed the fair market value of The same price that Mrs. Andrews paid for the property. They also listed real estate commissions due and owing in the marital settlement agreement of $11,260, which is the same amount my clients would have been entitled to out of the sale of the property. Well, unfortunately, the Andrews decided not to pay the real estate commission and a lawsuit ensued. The defendants filed a motion to dismiss. The motion to dismiss was heard in the circuit court. At the hearing, Judge Kelsey posed issues that were not briefed by the parties and were never argued. And he ruled based on, as you can see in the transcripts, he ruled based on the issues that he himself raised. And he dismissed the case with prejudice, not even allowing me the opportunity to replete. Thereafter, in order to address the law and the issues raised by Judge Kelsey for the first time, I filed a motion to reconsider. Whereupon, I addressed those issues in the law in the Second Circuit and in this court. We went to the original presentment of the motion. The first time it was up in court. The defendants chose to argue on that day. They didn't file a brief. They made an argument. Judge Kelsey looked at me and he told me I had a bad motion. I asked him why. He said there was a statute that I violated. My understanding is that a In fact, he couldn't identify the standards for a motion to reconsider generally. He eventually denied my motion and he, in doing so, took back his position that there was a statute I violated because, again, he couldn't identify what statute that was. In fact, there wasn't one. Do you contest that your filings, your electronic filings, were not in compliance with the rules of the circuit court? I do. I do. My motion to reconsider was filed electronically. After the denial of my motion to reconsider, I also filed my notice of appeal electronically. Was that in compliance with the rules? I believe it was in compliance with the rules and I'll say, I'll tell you why. A couple things. With respect specifically to the electronic filing, which is an issue that's presented as certified as one of importance by the appellate court, which is what brings us in front of you this morning. What you're referring to specifically is Local Rule 5.03. 5.03 in the local rules of DuPage County designated certain cases as e-filing cases and it also said that appellate and post-judgment enforcement proceeding documents were not to be filed electronically. It does not define what either of those things are. It doesn't define what an appellate document is or it doesn't define what a judgment enforcement proceeding document is. I would argue to you that the authorization for the electronic filing program, which came from this order of this court, MR 18368, on October 22, 2003, does not contain any of those prohibitions. It does not tell DuPage County that it can only accept certain documents and can't accept other documents and it doesn't define an appellate document either. Therefore... Didn't the complaint have to be filed initially to make it an e-filing case? It did say that at that time, but again, that was not a requirement in the mandate that came down from this court to commence the pilot program. I'm sorry? I'm only talking now about the local rule. With respect to the local rule, it does state that. That's correct. There are ways to get e-filing, right? The complaint is filed, that jump starts it, and there has to be an agreement or an agreement with the parties. That's correct. No agreement. There was not an agreement. That's correct. So all that we're talking about now is the appellate court finding that everything was a nullity because of the problem with the e-filing. Is that right? That's correct. Because the appellate court threw it out on the basis of the e-filing and never got to the substance of the issues at all. So we have to get past that, and that's why you said you're just going over some of these other ones. Correct. We have to get past that before we ever get into. Correct. And you have it within your power to rule that the e-filing was appropriate and to get to the actual substantive issues of the case, which the appellate court did not do. More specifically, an appellate document is not a notice of appeal. A notice of appeal is not an appellate document. A notice of appeal cannot be filed in the appellate court. A notice of appeal has to be filed in the circuit court. If I were to file a notice of appeal in the appellate court and not file it in the circuit court, it would have no effect. Therefore, under the language, which at best is vague and ambiguous, but under the language itself, it doesn't constitute an appellate document. And certainly a motion to reconsider is not an attempt to enforce a judgment. So that language doesn't apply either. And in that vein, I'd like to point out, and it's interesting that the case preceding us dealt with the mailbox rule, there are three cases from this court that are essentially relevant to this issue. First, the Visionpoint v. Haas case decided by this court in 2007. It said that the circuit courts have it within their power to adopt their own rules, but they are, quote, without the power to change substantive law or impose additional substantive burdens upon litigants. By imposing these additional restrictions, these additional filing restrictions, and saying you can file this case and not that case, you can file this document and not that document, first of all it's ambiguous, but beyond that, it adds additional burdens upon the litigants that this court in the Haas case said that the local courts were not within their power to do. So the local court has no authority to adopt e-filing? It has authority to adopt e-filing in conjunction with the mandates issued by this court, but it does not have the authority to restrict e-filing in a manner and in circumstances that are not mandated by this court. And this court did not mandate certain restrictions on e-filing. Not at all. What's the burden? The burden is that certain cases would not be allowed if they were filed this way. For example. Isn't the real burden that you're addressing is burden to follow the rules? No, not at all. Not at all. Because you have to understand that within this context, that the burden is that they are distinguishing between cases and distinguishing with how cases can be filed from one case to another. And that was not part of your mandate when you allowed the e-filing program to begin with. And this is similar to the mailbox rule that was discussed in the Harrisburg case quoted a few minutes ago. In that case, it discussed notices of appeal and it described notices of appeal as, quote, being closely related to the appellate process. But it didn't describe them as appellate documents. And it also embraced the mailbox rule in discussing the inequities between large firms and small firms. And large firms have staffs and docketing departments that can handle these things and small firms don't. That was recognized ultimately in Supreme Court Rule 373. I worked at Gender and Black when I was in law school. I know what that's like. You can just drop it off at the docketing department and they take care of everything. But I'm a sole practitioner whose office is a mile from the DuPage County border. Wheaton's 20 miles from me. So that's additional time and additional expense for my client, which is an additional burden that would not be borne by someone whose office is across the street. You rely on the Vision Point case? I rely upon Vision Point, upon Harrisburg-Rawley, and upon Bertell. Now, Vision Point seems to require good cause as to why there has not been compliance with the rule. Right? I mean, that's a case you rely on. Sure. Say there has to be good cause as to why you didn't follow the rules of the 18th Circuit. And is there, have you asserted good cause in your briefs? Well, first of all, Judge, or Your Honor, Justice Thomas, they accepted it. They all work. Well, they accepted the filing. When I filed it electronically, part of the process involves a response back from the county saying that they received your document, and then another response back from the county saying that they accept your document. And they did that. They received it. They accepted it. They filed it. Had they come back and said, you know, we don't accept notices of appeal, or we don't accept motions to reconsider, I could have at that point driven to the courthouse and taken care of that. Or if I were perhaps the next day, a day late, I could have filed something with the court explaining the circumstances as to why it's a day late, which is also allowed under your rules. But I wasn't given that opportunity because I didn't find out until the appellate court ruled that this was considered not appropriate. Did the other party raise an objection at the argument on your motion to reconsider? They mentioned it briefly in passing, and Judge Kelsey never commented on it one way or the other. Well, in light of that, why did you file a notice of appeal electronically? Honestly, it never occurred to me not to. And I think for the reasons I've articulated, it was appropriate to do so. You take the Bertel case, for example. Has the clerk accepted and docketed other notices of appeal before or after this case? My understanding, and I don't know the numbers, and I don't have specific information from the clerk, but in response to this case, I received telephone calls from appellate offices. That's all they do. And they told me it had been years since they filed any documents other than electronically. And it's my understanding that there have been appeals decided in this court and in the appellate courts where the notice of appeal had been filed electronically in the 2nd District or with the circuit court to confer jurisdiction upon the 2nd District. I mean, there have been appeals ruled upon, and there are appeals pending where this has been done. And, again, that's the practice of law, I think, in the 21st century. I mean, we've been encouraged, and there's an article I quoted in my briefs from Justice Jorgensen in the 2nd District encouraging people to use electronic filing. It's good for the environment. It's less paper. It's more efficient. It's required in federal court. And that's what I did. But as the Bertell case pointed out, notices of appeal are to be liberally construed to affect the means of justice so that if the defendant is properly notified of the basis of the appeal. And keep in mind, there was no prejudice to the other side. They were served with these documents the same way they would have been served otherwise, exactly the same way. There was no prejudice whatsoever. And what's really important is if you look at the context of what this happened, how this occurred. Let's say today was the 30th day, and I had to file a notice of appeal today. According to the statutes and according to the case law as interpreted by this court, I could drop it in the mail today. It could maybe be not postmarked until day 31, 32, 33. It may not be received until day 35, 36, 37. And that's okay. That's accepted. But I could file it electronically today this moment. It could be received instantly, and that's not any good. That doesn't make sense. That's inconsistent with the mandate from 2003. It's inconsistent with the practice of law in the 21st century. And furthermore, it's obvious that this wasn't the intent. Counsel, does your position encourage attorneys to violate the local rules? Not a bit. In fact, if you look at Rule 5.03, in response to this case and this ruling by the appellate court, the local rule has now been changed to specifically allow notices of appeal to be filed electronically and to specifically take away the restrictions on what constitutes an e-filing case. That's been removed by the new local rule in effect today as a result of the ruling by the appellate court. Thank you. Good morning. My name is John McTighe. I represent one of the appellees, Robert Andrews. John North is sitting at counsel table. He represents Cynthia Andrews. He has adopted my briefs pursuant to motion. And may it please the Court, I would first like to state as briefly as possible the position of the appellees in this matter. Because the plaintiff, Appellant, chose to ignore Rule 5.03, any subsequent electronic filings that he made were a nullity and the appellate court was correct in determining that there was no jurisdiction in dismissing the appeal. I would further like to point out that there was more than a brief colloquy regarding the electronic filing. I addressed the matter before Judge Kelsey at the circuit level. If you read the transcript, you will see that before Judge Kelsey ruled, he asked me if I wanted to make a response to counsel's arguments on the merits or whether I wanted to stand there mute. And I said I will stand here mute because I did not want to revest any jurisdiction at that point. It was more than a passing argument. It was a substantive argument. Now, under the rules existing in DuPage County at the time this matter arose, counsel didn't come close to complying with the rules on electronic filing. In the interest of candor, I learned yesterday morning, just before I came down from Wheaton, that at 1114 on Tuesday, Judge Elsner did, in fact, modify the rules. I obviously didn't have time under the rules of notice to file any kind of motion to supplement the record or to cite additional authority, but I did print them out at the court's wishes. I can provide the marshal with copies of the new rules. Otherwise, I'll put them back in my briefcase and go back home. At any rate, Rule 5.03 of the pilot program provided that there were three ways that a case could be considered an e-file case. One, the plaintiff electronically files its complaint. Two, any defendant's first response of pleading is electronically filed. Or three, all parties agree to designate the case as an e-filing case and an order of court to that extent is entered. There's nothing ambiguous in those words whatsoever. Nothing ambiguous. And none of those events ever happened. The plaintiff did not electronically file its complaint. We did not electronically file our response of pleadings. We never agreed, never had any conversation about the matter, and no order of court was entered. Now, counsel has indicated that he didn't willfully violate the rule. I submit that if he didn't willfully violate it, he did ignore it. Is there any kind of prejudice here to you? There is, Your Honor. Jurisdiction is the building block on which all our litigation rests. It's the first case we study in law school. International Shoe, the very first case we read, talks about jurisdiction. Because without jurisdiction, everything we do here is rhetoric. It is table conversation. We have to have jurisdiction before anything else exists. Let me take it there, if that's where you want to begin. Why is this defective filing a jurisdictional issue? Where do we go from a defective filing to what you used, I think, the expression nullity and lack of jurisdiction? Well, because the defective filing took the filing outside the time limits set by the courts. It took it past the 30 days. If something is filed on the 31st day, jurisdiction is gone. If something is filed on the 60th day, jurisdiction is gone. Before then, we have to address, does a defective filing here, a filing that you received, correct? He mailed it to me. Okay. And a filing that, and I think the rule does require that the clerk has to set up, has to keep, I can't read the small print, sorry. During the pilot, the clerk of the court shall create and maintain a paper copy of all e-filings in a parallel manual court file. So the court had an actual paper filing and you had an actual paper filing. I did. That's right. So there's no prejudice in that sense. Well, Your Honor, that's like saying as long as the notice of appeal makes it to the file at some point, then what's the big deal? Well, if it makes it there on the 31st day, it's a big deal. There is prejudice to my client in this case. My client hired someone who followed the rules. And the rights of my client should not be subordinated to a client whose attorney doesn't follow the rules. Pure and simple. And that's prejudice. Now, it's axiomatic to the practice of law and to the administration of justice that court rules must be followed. Case law supporting that is voluminous. It's not relevant whether we think the rule is convenient. It's not relevant whether we think we could write better ones. It's not relevant whether we think technology can make the practice of law easier. Virtually every level of our judicial system, circuit court, appellate court, Supreme Court, has rules committees. If the rule is not good, you change the rule. You don't ignore it. And you don't unilaterally make the decision that rule is silly. You have to live within the rules that govern the litigation you are undertaking. The rules provide order and structure to a system that demands order and demands structure. In the final analysis, the law is distilled to a simplest form, codified common sense, codified fairness. And the rules of pleading, the rules of evidence, the rules of discovery, the rules of procedure, are all there to ensure that the system functions in an orderly, efficient, and just manner. Without the rules, litigation would become a version of talk shows where people debate opposite points of view without regard to logic, foundation, volume of their voice, or courtesy. We must have rules, and those rules must be followed. Now, simply put, counsel for the appellant has not set forth one valid reason why he didn't follow the rule. His brief argues the unsupported premise that failure to recognize the electronic filing of his motion and notice would lead to chaos. It is the failure to follow the rules that would lead to chaos. Adhering to the rules simply leads to order. He also argues that the rule is burdensome. There are 102 counties in the state of Illinois. Ogle County and DuPage County, under a pilot program, had electronic filing. That's 100 other counties where those lawyers have to get in their car and go over to the courthouse and file the papers. I don't think that's unduly burdensome. Nonetheless, one could argue that our rules do sometimes burden us. Requests to admit are onerous. Everyone lives in fear of that 29th day. Statues of limitations on tort actions. We live in fear of two years and one day. But the fact of the matter is, simply because it's hard doesn't mean it's unfair. I had the good fortune when I was in law school to clerk for a chancellor in the Cook County Circuit Court, a brilliant judge. And I was worried about the bar exam. And he said, John, they don't expect you to know everything. They do expect you to go and look it up. That's all we're asking here. Look it up. I looked up the rule. When I saw this e-filing, I said, why is he e-filing this? This isn't an e-filing case. I looked at the rule. I raised the rule before Judge Kelsey. Judge Kelsey really didn't rule one way or another. He simply denied the motion. But I raised the rule, and I stood mute after raising that rule so that there was no revestment of jurisdiction. Fairness dictates that the rights of the litigant whose attorney follows the rules should not be subordinated to the litigant whose attorney doesn't follow the rules. I would submit that the appellate court's decision was not only the right one and properly reasoned, but it was, in fact, the fair one and the just one. I hope I've covered everything. If the court has any questions for me, I did not address the merits of the case because I don't think you need to. And I thank you for your time. Thank you. Well, first of all, I would say the reason he didn't address the merits of the case is because if you look at the case law, he can't address the merits of the case. He can't address the facts of the case. He can't address the marital settlement agreement and the judgment for dissolution. So the only thing he really has is the e-filing. And with respect to the specifics of old Rule 5.03, it references appellate and post-judgment enforcement proceedings documents. Had it wanted to say you can't file a notice of appeal, they could have said that. They didn't say that. What documents would be covered by that language then in the trial court or in the circuit court? All appellate documents and notices. If it doesn't include the notice of appeal. It didn't say the word notices. It does say notices. All appellate documents and notices shall be filed. Honestly, I don't know what documents that would be. If it isn't the notice of appeal, once that's done in 30 days, then it's out of the jurisdiction. Well, but a notice of appeal, again, is not properly an appellate document. It's a circuit court document. But, again, what would that section refer to if not a notice of appeal? I have no idea, Your Honor, because I think it's sufficiently vague that it's unclear what they mean. Didn't the appellate court rely on or wasn't the argument made that, first of all, because it was not, this case was not designated an e-file document because the complaint, the answer, that neither were electronically filed and no agreement, that would preclude e-filing even without paragraph D? It did say that, Your Honor. But, in addition, though, again, that's a requirement that was not part of the original mandate of this court. And by the people in DuPage County deciding to make additional requirements beyond those which this court authorized, it was adding additional burdens on litigants that it was not authorized to do. And, again, the response to that and the response to the vagueness in original 5.03 is pretty clear in the revision to 5.03. It specifically, it keeps, interestingly, it keeps the language in Part D about appellate and post-judgment enforcement proceeding documents. But, more specifically, in Part B, I believe it is, it specifically allows notices of appeal, which indicates that they still, I mean, neither of these terms are defined, either in old 5.03 or in new 5.03, but that recognizes that the people in DuPage County themselves view a distinction between a notice of appeal and an appellate document. I'm not sure what they think an appellate document is, to be honest. It's not defined. But it clearly, based on their own language in new 5.03, they don't consider a notice of appeal to follow under that term. And, clearly, I don't think a motion to reconsider is an appellate document, and it wouldn't be considered a post-judgment enforcement document. I would assume that that would be considered perhaps a garnishment or, you know, a citation to discover assets, perhaps something like that. But not a motion to reconsider. There was no prejudice here. The document was filed. Very similar to how the extension of the mailbox rule came about, which was ultimately codified, I believe it's appropriate and correct for this court to understand what it did when it set this mandate originally and understand what it was encouraging, electronic filing of documents. The document was filed. It was accepted. A copy was printed and put in the court file with a stamp on it and the date it was filed. So if this court determined that all documents are going to be filed, it would be filed. Let's take a hypothetical here. Sure. And in violation of the order of this court, a filing is made where you go down to the clerk's office and you hand-file a complaint, for example. Couldn't you always say, hey, you know, I know the rule was e-filing, but where's the prejudice? I filed it with the clerk's office. I mean, rules are of no consequence. You could always use the no prejudice. You could say, well, they got it this way, or even though we were told that they should have received it this way. How do you address that? Well, sure. That's similar to what would happen in federal court, but in federal court there's an exception for a pro se litigant to be able to show up and file something in person. I mean, it's the same kind of thing. Use your example. Use the federal court. What would they say if you went in and said, well, there's no prejudice? I mailed it in. Well, I've never had occasion to have that issue in the clerk's office in Chicago. Do you think they would say do it your way? They may not accept it, and if they didn't accept it, then I would know to go back to the office and get my computer and file it electronically. That didn't happen here. What happened here is they did accept it. Had they done what would likely happen in person, if you weren't allowed to file there, if they had come back and said, you know, we reject your filing. You can't file this electronically. I would have taken care of it. I would have driven to the courthouse. I would have federal expressed it. I would have filed a motion. I could have done a lot of things. That's assuming if you didn't go there with your complaint on the last day and the last hour, and then we're back to the prejudice. But there are cases, there are provisions, I believe in the rules, that allow for being beyond the 30 days under certain circumstances. So on that basis, if I showed up on day 30, 4 o'clock in the afternoon, say, and then it wasn't accepted and I had to go back and address it, I could file a motion explaining that and explaining why it should be allowed anyway. And under the Bertell case, this court has allowed liberal construction of notices of appeal. I mean, it isn't a form over substance thing. It's basically has the other party been fairly notified of the nature of the appeal. That's what the Bertell case says. And it specifically says it shouldn't take form over substance. In this case, it was filed. They did receive it. It was accepted. This is merely an extension of the mailbox rule. I have a question during your main argument. Is your best answer under vision point as to good cause shown as to why the filing wasn't made, is your response to that is if I knew, I didn't follow the rule, and if I had known I hadn't followed the rule, I would have had a chance to rectify it? Is that your good cause? Had I known that they rejected my document, the clerk's office, I would have been able to rectify it. I would have been able to file it in person. I would have been able to send it FedEx. Don't you think, though, good cause applies to the first part of that as to why it wasn't filed initially pursuant to rule rather than what you could do after not following the rule? No, I don't think so. First of all, I don't think the rule should be enforced because it's unduly vague and it's not consistent with this court's mandates. But beyond that, the circuit court has the opportunity, or the clerk's office, to accept or reject documents. That's part of the program, too. And they accepted it. It didn't come up until much later. They could have easily rejected it. And that's part of the deal. You get the e-mail saying that they received your document, and then you get a follow-up e-mail that says whether they accept it or not. And in this case, they received it and they accepted it, and they printed out a hard copy and stuck it in the original court file. Thank you. Thank you. Mr. Eubner, Mr. McTighe, thank you for your arguments this morning. Case number 114445VC&M versus Cindy Andrews is taken under advisers' agenda number 14. Thank you.